## GENERAL COURT, MAY TERM, 1803.

### GREEN *vs.* STONE.

ASSUMPSIT for money had and received, to recover money erroneously paid by the plaintiff to the defendant. The general issue pleaded.

The plaintiff at the trial, to support the issue on his part, produced a record of proceedings in an action brought in Anne-Arundel county court by the defendant, as administrator of *Robert Couden*, against the plaintiff as administrator of *Anne C. Green*, by which it appeared that an action on the case was brought, and an account filed, for sundry articles chargeable in account, commencing in June 1769, and ending in April 1774, leaving a balance in favour of the plaintiff in that action of 135*l* 2*s* 6*d* current money. That no declaration was filed, but a judgment confessed by the defendant at March term 1786, for the said balance due on the account, with a reference to certain persons to say whether or not there should be interest allowed on the said balance. That the referrees returned an award dated in August 1787, against the allowance of interest. The plaintiff also produced a record of proceedings on a *scire facias* upon the said judgment, and *fiat* thereon in 1794; also two records of proceedings on two writs of error prosecuted in 1798, on the above mentioned judgments, of the removal to, and reversals of both of the said judgments, in the general court at May term 1799(*a*). The plaintiff further proved, that after the judgment on the *scire facias*, he paid to the defendant the sum of 62*l* 10*s* 0*d* current money, in part

(*a*) See 4 *Harr. & M'Hen.* 351, 352.

*Margin note:* A judgment which is for any cause reversed, can have no legal effect whatever.

A count for money had and received will not lie except to recover money retained contrary to equity and right.

Where an administrator gives judgment by confession, which is afterwards reversed, he is not precluded from shewing afterwards the want of assets at that time.

If money be paid on a judgment afterwards reversed, it may be recovered back in an action for money had and received, unless it was equitably due at the time of such judgment or payment; and such action will not be at all affected by the proceedings in the original action.

MAY. 1803.

Gill
vs
Cole

discharge and payment of said judgment, to recover which sum this action was brought. And he also offered to give in evidence, that previously to the original judgment being obtained against him, he had fully administered the personal estate of the said *Anne C. Green*, except to the amount of 8*l* 19*s* 0*d* current money.

The defendant then offered in evidence to the jury, the account in the record of proceedings first mentioned, with the endorsements thereon, on which the said original judgment was confessed, and the original docket entry of that judgment, with a reference to the arbitrators, and their award, viz. A probat by Mr. *Couden* on the 19th of August 1778, and a certificate by the justice who took the probat, that the books, &c. were legally proved, with an endorsement by the register of wills that the account would pass when paid. The entry on the docket was "judgment for principal, and interest referred to," &c. with a copy of the award, saying interest was not to be allowed.

The defendant then prayed the opinion of the court, and their direction to the jury, that upon the aforesaid facts the plaintiff was not entitled to recover, and that he could not, at this time, be permitted to prove the want of assets to discharge the said debt, for the purpose of entitling him to recover in this action.

*Martin,* (Attorney General), for the defendant. The judgment in the case of *Couden's* administrator against *Green's* administrator, it appears, was reversed for *the want of a declaration*, and not upon the merits. Suppose there had not been a judgment, and it was proved that the defendant confessed he owed the money, and had paid a part, even though he had not assets, he could not recover it back; and shall his confession upon record bind him less? The plaintiff has no right to go into evidence now to prove he had no assets at the time he confessed he had. The record removed by the writ of error contains the ac-

knowledgment of the plaintiff in error of the justice of the claim against him, and that he had assets to pay it. The reversal of the judgment could not do away that confession.

*Johnson* and *Brice*, for the plaintiff. Money paid on a judgment, which is afterwards reversed, may be recovered back in an action of *assumpsit—Esp.* 6. The question is, whether or not the plaintiff in this action is so precluded by his confession in the county court, in the action against him in that court, as not now to be at liberty to go into evidence as to assets in his hands at the time of the judgment against him? Upon the reversal of that judgment, the consideration failed, and no longer exists. If the money had been paid upon a *fieri facias* issued upon the judgment, a writ of *restitution* could have issued to restore it without the trouble of this action. The confession ought not to be considered so conclusive as to bind the plaintiff. It was not made by him in person, but was done by his counsel, and may have been, and probably was without his knowledge.

*Martin*, (Attorney General,) and *Shaaff*, in reply. This action is *indebitatus assumpsit* for money had and received. Is this the proper count? A fair and equitable claim can only be recovered in this form of action. The reversal of the judgment has not the effect to do away the confession of the plaintiff. The true state of the case is, that the plaintiff, as administrator, owed the defendant a sum of money, and he had no assets, but notwithstanding, he confessed the judgment and paid the money. Can he now recover back the money so paid? The reason why money is to be recovered back upon a reversal of the judgment is because the consideration fails; but the consideration does not fail where the judgment is reversed for a matter of form. It can only fail where the reversal is upon the merits of the case between the parties. The party shall not recover money back, though payment of it could not have been en-

MAY 1803.

Green
vs.
Stone.

forced. *Esp.* 91, 93, 94, 96. The recovery by the plaintiff in this case would establish a dangerous precedent. The limitation to the prosecuting a writ of error is considered to be not less than twenty years. The practice formerly was universally to enter up judgments without filing declarations. In all which cases, at any time within twenty years, writs of error may be brought and the judgments reversed, and if the money has been paid, may be recovered back. This would be a dangerous doctrine, and ought to be looked at well before it is established by this court. The cause of reversal may surely be enquired into; and if found not to be on the merits of the question, the money is not to be refunded. The reversal of the judgment took away the remedy for recovering the money for which the judgment was rendered. It did not affect the admission of assets by the voluntary confession of the party. If there is no equity for the recovery of the money, it cannot be recovered where the reversal was for mere form. In this action the plaintiff can only recover of the defendant money which in conscience ought to be paid. The plaintiff must show that he was not obliged at the time to pay the money; that he was under no conscientious obligation to pay it, or he cannot recover it back. The confession of the judgment was evidence that there were assets, and that confession remains still in force. The confession of the attorney was the confession of the plaintiff himself, and is as binding as if he had made it in person. If a legacy is paid under an informal will, it cannot be recovered back.

CHASE, Ch. J. *(a)*. The court are of opinion that the judgment obtained by *Couden's* administrator against *Green's* administrator, being reversed, became a mere nullity, and ceased to have any operation or effect from the time of the reversal, and that no inference of law can arise from the judgment.

The court are also of opinion, that the plaintiff cannot recover in this case, unless the defendant's re-

*(a) Done* and *Sprigg*, J. concurred.

taining the money is contrary to equity and right. That the defendant may resort to any equitable or conscientious defence to repel the claim of the plaintiff, and may show the justice of his original claim; and that the plaintiff may show he had not any assets to pay the debt due from *A. C. Green* to *Couden*, and is not in law or justice liable to pay the same; and that the account filed in the cause of *Couden's* administrator against *Green's* administrator, is not made competent evidence by the confession in the record, the award filed and the rendition of the judgment so reversed, if, independent of such circumstance, it is not legal evidence.

A judgment reversed becomes mere waste paper, and the rights of the party, immediately on the reversal, are restored to the same situation in which they were prior to the pronouncing of the judgment so reversed.

The defendant excepted. Verdict and judgment for the plaintiff for £150 current money, damages, and costs.

The defendant appealed to the Court of Appeals; but the case *abated* in that court at November term 1804, by the death of the Appellant.