CHARLES A. MING, ADM'R, &C., OF LARKIN CARSON, Defendant in Error, *v.* THOMAS SUGGETT, ADM'R, &C., OF JOHN E. SUGGETT, Plaintiff in Error.

*Judgment—Reversal.*—Where the judgment of the inferior court is reversed by the Supreme Court, the plaintiff in error or the appellant is to be restored to all that he has lost by the original judgment, and this without any reference to the rights of the plaintiff in the original suit. Where the plaintiff, after the reversal of the judgment in his favor, voluntarily dismissed his suit, and the defendant sued for restoration of what he had lost by the judgment, an answer setting up the original claim of the plaintiff was properly stricken out.

*Practice—Error—Plea in bar.*—If the defendant after the judgment against him compromise with the plaintiff, that matter must be pleaded to the writ of error in bar of the prosecution; and if the original plaintiff fail thus to plead, he cannot plead such matter in bar of a suit brought by the defendant, for restoration of what he lost by the original judgment.

*Error to Callaway Circuit Court.*

*C. H. Hardin,* *H. C. Ewing,* and *J. L. Smith,* for plaintiff in error.

I. The court erred in refusing defendant's instructions. There was certainly evidence tending to show that the property was delivered and the money paid as a compromise, and if so, the instruction should have been given.

II. The court permitted the plaintiff to introduce improper evidence.

Plaintiff read in evidence the acts, such as settlements, &c., of Larkin Carson's administrator, to show the value of the yearly hire of " Jim."

This was not competent evidence to show that fact. (1 Greenl. Ev., § 522 to 528.)

These records might have been read to *prove* that a certain judgment (for settlements are judgments) had been rendered, but not to prove the value of hire. (1 Greenl. Ev., § 538.)

III. The court erred in striking out the several answers of the defendant.

*H. C. Hayden*, for defendant in error.

I. Upon a reversal of the judgment of the Circuit Court in this case of Suggett v. Carson, the defendant of right was entitled to be restored to all things lost by reason of the judgment, to-wit : the slave, the damages assessed, and the hire of the negro during the time the defendant held him under the judgment. (Bacon's Abridg., Title Error, p. 389, 390; Tidd's Prac. 1836 ; 2 Bibb, 518; A. K. Marshall, 217 ; 2 Bow. Law Dict., Title Rest., 47 ; 1 Archb. Prac., 260, 291; 6 Peters, 8 ; 8 Cowan, 297 ; Cro. James, 246 ; Ralls' Abr. 778; Yelv. 179 ; Brownl. 107, 108 ; 1 M. & S. 25 ; 10 Mass. 433 ; 5 id. 264 ; Shields v. Powers, 29 Mo. 317 ; 26 Mo. 514 ; 26 Mo. 152 ; 29 Mo. 472.) After dismissal of suit defendant was entitled to return of property.

II. The Circuit Court committed no error in striking out that portion of each answer setting up Suggett's original cause of action as a defence to this proceeding. (Watkins v. State, 7 Mo. 334 ; 24 Mo. 265.)

BATES, Judge, delivered the opinion of the court.

Suggett sued Carson's estate in the Callaway Circuit Court for a negro, and recovered judgment for the negro and damages. The negro was delivered and the damages paid to Suggett. Afterwards the case was taken to the Supreme Court, which court reversed the judgment of the Circuit Court and remanded the cause to that court, where Suggett voluntarily dismissed the case.

This suit was then brought against the administrator of Suggett, who had died, for the return of the negro and the damages paid him, and also for the hire of the negro while he had him.

The defendant answered, and, among other things set up as defences, alleged the original title of Suggett to the negro, (but did not set up any title acquired since the judgment of the Supreme Court.) This defence was, on motion, stricken out of the answer. This was proper. After the decision of

the case by the Supreme Court, Carson's estate was entitled to be restored to all that it had lost by means of the original judgment of the Circuit Court. This of course included the return of the negro and the money, delivered in performance of the original judgment; and this should have been done without any reference to or effect upon Suggett's right to the negro, and which he might have established and enforced in that or another action. Having dismissed that action voluntarily, he cannot now require Carson's administrator to establish his title to the property, nor can he resist the claim of Carson's estate by showing title in himself acquired before the judgment of the Circuit Court in the former case.

The answer upon which the case was tried, also alleged that the administrator of Carson voluntarily and as a matter of compromise of said suit, and as a complete settlement between them of all matters in controversy in relation to said slave Jim and in relation to said suit, surrendered and delivered to said Suggett the possession of said slave Jim, and paid to said Suggett the said sum of two hundred and one dollars.

At the trial, some evidence was given tending to prove this allegation (although it is difficult to comprehend what compromise there could be in the payment and performance of the whole judgment.) And the defendant asked the following instruction, which was refused: "That if the administrator of the estate of Carson delivered the slave Jim to Suggett and paid him the sum of $201 as damages for the detention, and the said administrator and the said Suggett agreed that such delivery and payment would be, and was a final settlement and adjustment of the claim of said Suggett to said slave and damages, the finding of the court should be for the defendant."

There was no error in the refusal of this instruction. If there was any such settlement and adjustment of the claim of Suggett, it would have amounted to a release or waiver of error which could have been pleaded in the Supreme Court in bar of the prosecution of the writ of error; but

Suggett having failed so to plead it, is barred by the judg-
ment of the Supreme Court from asserting it in this case;
but a judgment in this case does not bar Suggett from prose-
cuting his original claim to the slave. No other instructions
were asked on either side. Among other matters given in
evidence by the plaintiff to show the value of the hire of the
slave Jim, were certain reports made by the administrator of
Carson to the County Court, of the hiring of the slave of
Carson's estate, for periods of time before Jim had been de-
livered to Suggett. This testimony was incompetent for the
purpose. There was, however, other testimony of the value
of the hire of the slave sufficient to justify the amount
found by the court, and we cannot therefore perceive that
the error of admitting that testimony was injurious to the
defendant.

The effect of the judgment in this case is only to restore
the parties to their *status* before the rendition of the judg-
ment in favor of Suggett against Carson's administrator;
and the judgment in this case is no bar to proceedings by
Suggett's administrator to establish his original right to the
slave. No question was made as to the remedy adopted in
this case, and no inquiry whether the plaintiff might not
have had full relief by motion in the original cause.

Judgment affirmed. Judges Bay and Dryden concur.