EDWARD C. GOTT, Plaintiff in Error, *v.* WILLIAM L. POWELL and JEPTHA V. BOONE, Defendants in Error.

1. *Practice—Joinder of Actions—Ejectment—Partition.*—A cause of action in ejectment cannot be united with a cause of action for partition of the premises sued for.

2. *Practice—Error—Reversal—Restitution.*—The restitution to which a party is entitled upon the reversal of an erroneous judgment is every thing which is still in the possession of his adversary.   If the adversary party has acquired title to land or goods by virtue of his execution, if the judgment be reversed, his title to the land or goods fails, and the land or goods must be restored in specie—not the value of them, but the things themselves. There is an exception where the sale is to a stranger *bona fide*, or where a third person has *bona fide* acquired some collateral right before the reversal.

*Error to Montgomery Circuit Court.*

*Hoy & Buckner*, for plaintiff in error.

*J. B. Henderson & D. R. Dyer*, for defendant in error.

I.  There was no error in the judgment of the court upon the facts agreed on.   The petition is for partition as a tenant in common with William L. Powell, and for possession of the land against Boone.   The action is to obtain partition between himself and William C. Powell, who holds adversely

to him, and had so held for fifteen years before the commencement of this suit—Lambert v. Blumenthal, 26 Mo. 471.

II. If the action be regarded as ejectment and partition, then it cannot be maintained, for such actions cannot be joined—26 Mo. 471.

III. Although these points are regarded as conclusive of plaintiff's case, it is further urged that Gott could acquire no title under the judgment and execution against Powell. So far as he is concerned the judgment was void; but whether void or voidable, he cannot claim to be an innocent purchaser. It was his duty to see that a guardian *ad litem* should have been appointed by the court after the return of the writ, and failing to do so, with full knowledge of the minority of Powell, and afterwards purchasing with knowledge that he was still a minor, so far from being an innocent purchaser, he stands before the court as taking advantage of his own wrong and seeking to divest the infant of his estate. With knowledge of the error in the proceedings; he acquired no title—Luke v. Marshall, 5 J. J. Marsh. 353.

IV. The judgment being afterwards set aside by proceedings in which Gott was a party, the execution and sale, at least so far as he is concerned, must fall. All parties to proceedings which result in setting aside a judgment will be precluded from claiming any rights acquired under the judgment; otherwise nothing could be gained by such proceedings, and courts should not entertain them—12 Barb. 84; McTilton v. Love, 13 Ills. 486; Hubbell v. Broadwell's Adm'r, 8 Ohio, 120; Dater v. Troy Turnp. & R.R. Co., 2 Hill, 629; Kennedy v. Dunckle, 1 Gray, 167; 1 Har. J. 405; Wells v. Stout, 9 Cal. 498; Simonds v. Catlin, 2 Caines, 61; McLajen v. Brown et al., 11 Ills. 523; Winston v. Ortley, 25 Miss. 456; Goodyear v. Ince, 2 Cro. 246; 2 Binn. 85; 2 Sand. 101-2; 3 Bacon's Abr. 120-1; 2 Phil. Ev. 139, n. 293; 8 Wend. 36; 20 Ills. 276.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the de-

fendant Powell and one Boone, for partition and in ejectment of a tract of land. The petition prayed for partition as to Powell and possession as to Boone. A demurrer was filed to the petition, but no decision was rendered on it by the court, and the parties while the demurrer was still pending and undecided proceeded to trial on an agreed statement of facts.

From the facts as agreed upon it appears that the plaintiff in this case sued one James W. Powell, brother of the defendant here, in the Montgomery Circuit Court, in an action of trespass, and at the April term, 1841, obtained a judgment against him for one hundred dollars and his costs of suit. At the time of obtaining the judgment, James W. was an infant not over seventeen years of age. The defendant appeared to the action only by attorney, no general guardian or guardian *ad litem* having been appointed for him, and the question of minority was not brought to the attention of the court. In May, 1841, Gott caused an execution to be issued on his judgment against the defendant, and proceeded to sell all the right, title and interest of the said land in controversy, in October, 1841. At the sale Gott became the purchaser of the land for thirty-three dollars. Gott was acquainted with the defendant, and knew at the time of the commencement of the suit, and at the time of the sale by the sheriff, that he was under 21 years of age. Before the land was sold, and on the same day in the presence and hearof Gott and others at the sale, it was publicly announced by John, a brother of the defendant, and by others, that the judgment under which the land was about to be sold had been rendered against the defendant while he was an infant and that he was still an infant; that he had not been defended by guardian and that the judgment was void, and that the sale would pass no title. James W. and William L. Powell, who owned the other half of the tract of land, it being 160 acres, together with their mother and her family, remained on the land, claiming the same as their own, until a short time after James arrived at age, when he sold his interest to Thomas J. Powell for four hundred dollars; after which

Thomas J. and Wm. L. Powell and the family remained on the land claiming it as the land of Thomas J. and Wm. L. In 1847, a motion was made in the Circuit Court of Montgomery county by James W. Powell to set aside the judgment rendered against him in 1841, in favor of the plaintiff Gott, which being overruled in the Circuit Court, was appealed to the Supreme Court, and this court reversed the decision of the court below, holding that when a judgment is rendered against an infant defendant who appears by attorney, he may at any time after he arrives at full age set the same aside upon motion—Powell v. Gott, 13 Mo. 458. In 1854, Thomas J. Powell, having divided the land with his co-tenant Wm. L., sold his separate half as divided to Boone, one of the defendants in this cause, who went into possession and has remained in possession thereof from that time to the present. Boone paid eight hundred dollars for the part of the land purchased by him. The court below decided in favor of defendants, and the plaintiff sued out his writ of error.

Had the defendants insisted on their demurrer it is perfectly clear that it should have been sustained, for the petition contained a misjoinder of causes of action and was multifarious. And when one is in possession of land asserting an exclusive title thereto, an action for partition cannot be maintained against him by one out of possession who claims a common title thereto ; the claimant must first establish his title in an action in ejectment—Lambert v. Blumenthal, 26 Mo. 471. As the defendants proceeded to trial on the facts without pressing their demurrer, they must be regarded as having waived the same.

The only question, then, before us is whether Gott has any title on which he can maintain an action. He does not stand in the position of an innocent third party purchasing under an erroneous judgment, whose rights will be protected, for he was a party to the record and cognizant of all the facts. n Cow. & Hill's Notes to 2 Phil. on Ev. it is said : "If

there was original or acquired jurisdiction in the course of the proceeding, though it may be reversible directly," (by which is meant on errror, appeal, &c.,) "yet for all other purposes it shall be valid till reversed in respect to everybody. And even after it is reversed, persons not parties or agents in carrying forward the erroneous proceedings, shall be protected by way of defence from prosecution, and often in the titles which they may have acquired"—See Voorhees v. Bank of U. S., 10 Pet. 449.

The restitution to which the party is entitled upon the reversal of an erroneous judgment is everything which is still in the possession of his adversary. Where a man recovers land in a real action, and takes possession or acquires title to land or goods by sale under execution, and the judgment is afterwards reversed, so far as he is concerned his title is at an end, and the land or goods must be restored in specie— not the value of them, but the things themselves. There is an exception where the sale is to a stranger *bona fide*, or where a third person has *bona fide* acquired some collateral right before the reversal—Bac. Abr., tit. Error, M. 13 ; Dater v. Troy Turnp. & R.R. Co., 2 Hill, 629 ; Lovett v. The Germ. Ref. Ch., 12 Barb. 67 ; McTilton v. Love, 13 Ills. 486 ; Bank of U. S. v. Bank of Washington, 6 Pet. 8 ; Clark v. Pinney, 6 Cow. 297 ; Hubbell v. Broadwell, 8 Ohio, 120 ; Green v. Stone, 1 H. & J. 405 ; St. John's College v. Murcott, 7 T. R. 259.

Upon the reversal of the judgment in the Montgomery Circuit Court, Powell was entitled to full restitution of the land, the equity of no stranger having intervened, and Gott's title entirely ceased.

Judgment affirmed. The other judges concur.