HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant, *v.* BROWN and LANDER, Respondents.

1. *Sale — Gross inadequacy of consideration — Fraud.*—As a general proposition, inadequacy of consideration is not of itself a distinct principle of relief in a court of equity. Nevertheless, where the transaction discloses such unconscionableness as shocks the moral sense and outrages the conscience, courts will interfere to promote the ends of justice and defeat the machinations of fraud.

2. *Practice, Civil — Supreme Court — Reversal of Judgment, effect of, upon sales.*—Where a judgment was reversed in the Supreme Court, and declared to be null and void, all of the proceedings had in pursuance of that judgment were vacated, and defendant was entitled to be restored to the condition in which he stood previous to the judgment, and to restitution of everything that he had lost and which remained in the hands of the adverse party, his agents, attorneys, or privies; and no suit is required to set aside a deed of land bought by an attorney of plaintiff in such judgment upon execution sale of defendant's property.

*Appeal from Fourth District Court.*

The facts appear in the opinion of the court.

*Carr, Hall & Oliver,* for appellant.

I. The demurrer of defendants was improperly sustained. After the reversal of judgment in the case of Brown v. Plaintiff, defendant's title failed, and plaintiff was entitled to have sheriff's deed to defendant set aside. (Gott v. Powell *et al.*, 41 Mo. 416; 15 Wis. 289; Simmons v. Catlin, 2 Caines, 62; Harrison v. Doe, 2 Black, 2.)

II. It is admitted that mere inadequacy of consideration is not of itself sufficient to justify a court in setting aside a sheriff's sale. "Still, however, there may be such unconscionableness in the consideration as to constitute a gross imposition; and in such

cases courts of equity ought to interfere, upon the satisfactory ground of fraud. And where the inadequacy of the consideration is such as to shock the conscience and confound the understanding of men of common sense, courts of equity will set aside the sale." It is insisted that the sale in this case is of the character last described. (1 Sto. Eq. § 246 ; 2 Johns. Ch. 23 ; 14 Johns. 527.)

III. The law gives to the defendant in an execution the right to select what property shall be sold to satisfy it, and a good officer will always so inform a party to an execution which he may have against him, and will confer with him before he levies it. If the officer neglect this, such neglect will not of itself render his acts illegal. But when there has been any abuse on the part of the officer, or collusion with the plaintiff or others, the court will set aside the sale. It would seem to be impossible to conceive a greater abuse on the part of the sheriff than the sale, as in this case, of $118,000 worth of property for $35. (Nelson v. Brown, 23 Mo. 21 ; Duncan v. Matney, 29 Mo. 376 ; Reynolds v. Nye, Freeman's Ch. 462.)

IV. A sheriff is the agent of both plaintiff and defendant in an execution in his hands; and in making a sale under execution he should conduct it in such manner as to promote the interest of all parties concerned. A power to sell does not give the power to sacrifice. (Conway v. Nolte, 11 Mo. 76 ; 2 Tuck. Com. 361.)

V. It was the duty of the sheriff to sell the land in suit in the smallest legal subdivisions of which it was susceptible. This he did not do. And although such an irregularity is not always fatal to the sale, yet it will be fatal when the sale was at a price grossly inadequate. In such a case the purchaser will be held to see that the law is complied with literally and exactly. ( 23 Mo. 21 ; Hicks & Hammond v. Perry, 7 Mo. 346 ; Rector v. Hart, 8 Mo. 461 ; 2 Paige, 488 ; Groff v. Jones, 6 Wend. 524 ; 13 Wend. 24, 30 ; 24 Wend. 522 ; Lashley v. Cassell, 23 Ind. 600.)

VI. It is a mockery to call the transaction in this case a sale. Land worth over $100,000 was sold for $35; land worth $10 per acre was sold for one-third of a cent an acre. It is an abuse of

terms to call such a thing a sale. It was a gift. It was employing the form of law to transfer the property of plaintiff to defendant for nothing.

*Burgess*, for respondent.

The demurrer in this cause was well taken, and properly sustained by the court below. The petition does not state facts sufficient to constitute a cause of action, inasmuch as it does not allege that there was any unfairness in conducting the sale of the land; but on the contrary it shows that the sale was conducted in the usual manner. And mere inadequacy of price is no ground for setting a sale aside where there has been no unfairness in regard to the matter. (Meir v. Zalle, 31 Mo. 331; Hammond v. Scott, 12 Mo. 9; Ayres v. Baumgartner, 15 Ill. 444.) The courts of this State are inclined to uphold judicial sales where there has been no unfairness in conducting them, and especially in cases of this kind, where, if any injury has resulted to the plaintiff, it was by its own negligence in not paying off and satisfying the execution.

WAGNER, Judge, delivered the opinion of the court.

It is deemed unnecessary to notice all the questions that have been raised by counsel, as the determination of one point is decisive of the case. Among other things, the petition alleges that at the October term, 1863, of the Linn County Circuit Court, the defendant Brown recovered judgment against the plaintiff for the sum of $105 for his debt and damages, and $39.15 for his costs; and that the plaintiff here, defendant in said suit, took an appeal from the judgment of the Circuit Court to the Supreme Court; and that the Supreme Court, at the February term thereof, 1866, reversed said judgment and declared the same null and void; that the defendant Brown employed and retained defendant Lander as his attorney and counselor to aid and assist him in the conduct and management of the said cause, and the issuing of execution on said judgment; that on the 14th day of February, 1865, the defendant Lander, in his capacity of attorney and counselor for the defendant Brown, had an execution issued on said judgment by

the clerk of the Circuit Court of Linn county, returnable to the April term, 1865, of the Circuit Court; that the execution was on the same day delivered to the sheriff; and that, on the same day, the sheriff, under the authority and by direction of Lander, pretended to levy execution on eleven thousand four hundred and eighty acres of land belonging to plaintiff, lying in the said county of Linn, which land was of the value of $114,800, and had the same advertised and sold on the 10th day of April, 1865, at which sale Lander became the purchaser of all of said lands for the sum of $35.60, and received a sheriff's deed therefor.

The petition avers a readiness on the part of the plaintiff to pay Lander all the money he expended for said lands, together with costs, and asks that the deed may be set aside and for naught held and esteemed.

There was a general demurrer to the petition, which was sustained in the Circuit Court, and this action was approved in the District Court.

It will not be necessary to decide, in this case, whether the gross inadequacy exhibited by the facts set forth in the petition would, if disconnected and alone, be sufficient to entitle the plaintiff to relief. It may be stated, as a general proposition, that inadequacy of consideration is not of itself a distinct principle of relief in equity. Nevertheless, where the transaction discloses such unconscionableness as shocks the moral sense and outrages the conscience, courts will interfere to promote the ends of justice and defeat the machinations of fraud.

The very fact that upwards of eleven thousand acres of valuable land in one of the best counties in the State was levied on to satisfy an execution of less than one hundred and fifty dollars, is suggestive of the most flagrant abuse of legal process.

But when the judgment in the case of Brown v. The Hannibal & St. Joseph R.R. Co. (37 Mo. 298) was reversed in this court, all of the proceedings had in pursuance of that judgment were vacated, and the defendant was entitled to be restored to the condition in which it stood previous to the judgment, and to restitution of everything that it had lost and which remained in the hands of the adverse party, his agents, attorneys, or privies.

(Gott v. Powell, 41 Mo. 416.) Lander was the attorney who gave direction to the whole matter; he was cognizant of all the facts, and is therefore chargeable in the same manner as Brown himself.

The judgment must therefore be reversed, and the cause remanded. The other judges concur.