————o————

BENJAMIN F. JONES, Respondent, *vs.* RICHARD HART AND RICHARD J. HOUSE, Appellants.

1. *Execution sale—Erroneous judgment—Title—Right of defendant.*—While all rights which have been acquired, *bona fide,* by any third person, under an execution issued under a judgment, when the execution has not been impugned as improper or invalid, will be respected and preserved; yet if the judgment be set aside or reversed, the defendant is entitled to his property, seized under such execution, if in the hands of the plaintiff or the sheriff, or to the proceeds of the sale if it had been sold to any other person: and this principle would reach any right acquired by the plaintiff by motion against the defendant on a delivery bond.

*Appeal from DeKalb Circuit Court.*

*M. A. Low*, for Appellants.

*William Henry, with Strongs & Hedenburg*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This is an appeal from a judgment rendered by the Circuit Court of DeKalb county, on motion, against the defendant, Hart, as principal, and the defendant House, as surety, on a delivery bond given by them to the sheriff of Caldwell county, for the delivery of certain personal property, levied upon by said sheriff as the property of Hart, under an execution issued from the Circuit Court of DeKalb county, on a judgment rendered in said court against said Hart, in favor of the plaintiff Jones.

The judgment was rendered at the October Term, 1873, for the sum of $4,634.91, and directed that certain real property, attached in the cause, should be sold to satisfy said judgment; and if it should prove insufficient, that the residue of the judgment should be levied of the remaining real estate, goods and chattels of the defendant. On this judgment a general execution was issued, directed to the sheriff of Caldwell county, which was by the sheriff levied on certain real estate, and also on several horses and cows, for which latter he took a delivery bond, as provided by law, signed by the defendant Hart, as principal, and the defendant House, as surety. The sheriff in his return shows, that the defendant failed to return said property on the day appointed, or at any other time, and that he made sale of the real estate for a sum which was insufficient to satisfy the execution. At the April term, 1874, to which said execution was returnable, the defendant Hart moved to quash the execution, for the reason that it was a general one and did not follow the judgment, and for the further reason that a special execution, in pursuance of the judgment, had been issued, directed to the sheriff of DeKalb county, under which the real property described in the judgment had been levied upon and advertised for sale, but had not then been sold.

On the same day, the defendant filed a motion to "expunge" the judgment under which the execution was issued. On the succeeding day the plaintiff filed a motion to enter a general judgment *nunc pro tunc*, and on the day following, the mo-

tion to "expunge" the judgment was overruled and the motion for the entry *nunc· pro tunc* was sustained and a general judgment directed to be entered *nunc pro tunc*, to all of which the defendant excepted.

The only evidence on which the entry of the general judgment was made, was a memorandum in the judge's docket, and a similar one in the clerk's docket, showing that the cause was submitted to a jury and that they returned a verdict for $4,634.91.

Afterwards a motion, previously filed by the plaintiff, for judgment on the delivery bond, came on to be heard, and plaintiff introduced testimony as to the value of the property, and the defendant then offered in evidence a forfeited mortgage, duly acknowledged and recorded, executed by the defendant Hart before Jones recovered judgment against him to one William J. Hart of the property described in said bond, which was rejected by the court and defendants excepted. Defendants then offered to prove that subsequent to the execution of the delivery bond, and before the day appointed for its delivery, said William J. Hart, mortgagee, took the property described in the delivery bond from the possession of the defendant, which·testimony was rejected and defendant excepted. Judgment was rendered for plaintiff, on the motion for $592.

It is agreed by counsel, that the judgment under which the execution in question was issued, and the proceedings complained of were had, is the same judgment which was brought under review in the case of Jones vs. Hart, *ante* p. 351 at the present term, and which has been reversed by this court. While all rights which have been acquired, *bona fide*, by any third person, under any execution issued on this judgment, which execution has not been impugned as irregular or invalid, will be respected and preserved, the defendant, whose property has been sold, is entitled to a restitution of the fruits of the sale. (Shields vs. Powers, 29 Mo., 317.) If the property itself is in the hands of the sheriff, or has been transferred to the possession of the plaintiff, through the instrumen-

tality of the execution, he is entitled to be restored to that. (Gott vs. Powell, 41 Mo., 420; Hann. & St. Jo. R. R. Co. vs. Brown, 43 Mo., 294.) This principle must also reach any right the plaintiff has acquired, by motion against the defendants on the delivery bond, for a failure of defendant to deliver, according to the terms of the bond, the property levied upon by the sheriff under the execution.

It is apparent, therefore, that it is immaterial whether or not error has been committed in the proceedings resulting in a judgment against the defendants on the motion of the plaintiff for a breach of the terms of the delivery bond.

The plaintiff must surrender all property and rights acquired by him under the execution, and to end all controversy on that subject as to the personal property levied upon, the judgment for the plaintiff on the motion will be reversed.

All the judges concur, except Judge Sherwood, who expresses no opinion.