**SPANGLER, INC., Plaintiff-Respondent,**

v.

**HOUSE OF HEAVILIN, INC., Defendant-Appellant.**

**No. 24118.**

Kansas City Court of Appeals.

Missouri.

June 7, 1965.

Application to Transfer Denied
Nov. 8, 1965.

Donald L. Chapman and Casemore, Berman & DeLeve, Kansas City, for appellant.

Commodore McFarland Combs, Jr., Kansas City, for respondent.

MAUGHMER, Commissioner.

This is an appeal from the denial, in both magistrate court and circuit court, of a motion for restitution of money procured under a garnishment. No testimony was heard on the motion and the matter is before us on the record evidence alone. We summarize the pertinent parts of that evidence.

Plaintiff, Spangler, Inc., on April 19, 1962, sued House of Heavilin, Inc., in the magistrate court of Jackson County on an open account. Trial resulted in a finding and judgment on June 5, for plaintiff in the sum of $530.00. On June 8, defendant appealed, but without bond. Execution was issued on June 28, with garnishment on the Blue Hills Bank. The bank paid $541.85 direct to plaintiff's attorney who, accord-

ing to the record, paid the magistrate court costs of $11.85, leaving a balance of $530.00, an amount sufficient to pay the judgment in full. Thereafter the appeal was listed and called on the circuit court docket. Defendant appeared, but plaintiff did not appear. Under date of October 10, 1962, the circuit court entered the following order in the case:

"Now on this day it is ordered and adjudged by the Court that this cause be and the same is hereby dismissed for want of prosecution, and that defendant have and recover of said plaintiff its costs, and that execution issue therefor".

No further action was taken until January 18, 1963, when defendant Heavilin filed in the magistrate court a pleading styled: "Motion for Restitution". This motion recited the magistrate judgment entry for plaintiff, defendant's appeal without bond, issuance of the garnishment under which $541.85 of defendant's money was secured and distributed to plaintiff, and the dismissal of the cause of action by the circuit court for "want of prosecution". The prayer was for restitution of the said sum of $541.85, with interest from August 17, 1962. On April 1, 1963, defendant's motion for restitution was overruled by the magistrate court and on April 5, defendant appealed, again without bond. This appeal was heard by the circuit court on March 19, 1964. On this occasion both parties were present by counsel. Again no testimony was taken but the record evidence and the entries as herein set forth were presented, and the court found the issues for plaintiff Spangler and against the defendant Heavilin. Judgment accordingly was entered and it is an appeal therefrom that is before us.

The magistrate court assigned a different number to the litigation from the time defendant's motion for restitution was filed, and the appeal from the denial of that motion was heard by a different division of the circuit court than the division which had entered the judgment dismissing the original suit. We attach no significance, or at least none of vital importance, to this purported separation of the litigation. The whole matter arises from one controversy and is clearly one piece of litigation.

Respondent asserts that the circuit court judgment denying restitution is proper because:

First. Restitution is an equitable proceeding and the magistrate court is without jurisdiction to "hear or try" any "strictly equitable proceedings", Section 482.100[2], V.A.M.S. Respondent invites our attention to these statements on the subject found in C.J.S.:

"Restitution * * * is ex gratia, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it * * *." 77 C.J.S. Restitution, page 323, and,

"[R]estitution will not generally be awarded, however, where the merits of the controversy are not before the appellate court * * *." 5B C.J.S. Appeal and Error § 1949, page 510.

However, in the sentence immediately preceding the last quotation the same authority declares: "Where the judgment of reversal is final and absolute, and no new rights have been acquired, a proper case for the ordering of restitution by the appellate court is presented."

While restitution is probably primarily an equitable proceeding, we are told in 77 C.J.S. Restitution, page 322 that: "A cause of action for restitution is a type of the broader cause of action for money had and received * * *."

The magistrate court clearly had jurisdiction of the original suit. We believe it had authority, therefore, to finally complete that litigation even though in some degree its orders touched equitable mat-

ters. In addition, we do not believe this motion for restitution raised what the statute (Sec. 482.100[2], supra) means when it refers to *"strictly* equitable proceedings". (Italics added.) It is our conclusion that the magistrate court and derivatively the circuit court had authority to entertain and determine the motion in this case.

■ Second. Respondent's claim that plaintiff's motion for new trial which alleged the judgment "was against the evidence * * * and against the law", preserved nothing for review, is denied in this case.

■ Third. Respondent's final point is that the motion for restitution was properly denied because plaintiff did not show or even attempt to show its entitlement to recover "on the merits" presumably that it did not actually owe the money.

Appellant contends that the circuit court's dismissal of the cause in which plaintiff obtained judgment in the magistrate court erased the judgment in its entirety, and that since that judgment, which was the basis upon which the garnishment issued, was destroyed, plaintiff's legally established right to retain the money is gone and defendant is entitled to restitution regardless of the actual merits of the controversy.

Section 512.190, Appeals from Magistrate Courts, V.A.M.S. provides that " * * no appeal shall stay execution unless and until" appellant files a proper appeal bond. In Dickey v. Dickey, Mo.App., 132 S.W.2d 1026, 1032, it was stated:

"If the court has cognizance of the controversy as it appears from the pleadings in the case, and if it has the parties to such controversy before it, then any judgment or order it enters, if responsive to the issues made up in the pleadings, is valid until set aside or reversed on appeal, and this without regard to how erroneous or irregular

such judgment or order may in fact have been."

Since defendant's appeal was without bond, we believe plaintiff was fully entitled to have execution issue and secure through garnishment the funds it did secure. It was entitled to this by virtue of the judgment, but if later on that judgment was reversed or destroyed, then the basis upon which it procured the money was gone. This is so even though it had, prior to the reversal of the judgment, made collection.

Many of the problems and difficulties arising from this controversy might so easily have been prevented. Had defendant elected to file an appeal bond, no execution would ever have issued. If plaintiff had kept watch on its appealed judgment, even though it had collected thereon, it might have prevailed after a de novo trial on the merits, and no basis for a restitution claim would then have arisen.

Having ruled that the circuit court was vested with derivative jurisdiction to pass on the motion for restitution, it appears that the question before us is: Should the circuit court have sustained defendant's motion for restitution, under the record evidence, and entered judgment for $541.85, with interest from January 18, 1963, the date on which it filed its motion, or was the judgment for plaintiff the proper judgment?

Lanyon et al. v. Chesney et al., 209 Mo. 1, 106 S.W. 522, 524, was a quiet title suit. Plaintiff had a trial court judgment and by virtue thereof obtained possession of some property belonging to defendant and had use of it for a time. On appeal, the judgment for plaintiff was reversed. Plaintiff thereupon dismissed his action or took a voluntary nonsuit. Defendant objected and petitioned for restitution. On appeal the Supreme Court said:

"We entertain no doubt as to the right of defendants to have restored to them, as against the other parties to

this action, any property or property rights of which they were deprived and which plaintiffs acquired under the first judgment, *whether by execution or otherwise*, and that such right will not in any way be affected by plaintiffs' dismissal of their suit after obtaining possession of such property. Gott v. Powell, 41 Mo. 416; Vogler v. Montgomery, 54 Mo. 577; Jones v. Hart, 60 Mo. 362; Colburn v. Yantis, 176 Mo. 670, 75 S.W. 653; Ming v. Suggett, 34 Mo. 364, 86 Am.Dec. 112. And this, too, without regard to the merits of the original cause of action or grounds of defense." (Italics added.)

State ex rel. and to Use of Abeille Fire Ins. Co. v. Sevier, Mo. in Banc., 335 Mo. 269, 73 S.W.2d 361, concerned fire insurance company rates in Missouri. The circuit court set aside the superintendent's order reducing the rates and the company, pending determination of the appeal, continued collections at the original rates. On appeal, the Supreme Court reversed the circuit court judgment and approved the reductions which had been ordered by the Superintendent of Insurance. The Supreme Court opinion did not specifically order restitution but upon a later presentation of the question of restitution, quoting from Flemings v. Riddick's Ex'r, 5 Grat. (Va.) 272, 50 Am.Dec. 119, said:

" 'The power of a Court to repair the injury occasioned by its own wrongful adjudication, is not derived from a mandate of the appellate forum, made upon rendering the judgment or decree of reversal, but is substantially the same which it exercises when its own process has been abused, or used without authority, by its suitors or ministerial officers. * * * When a judgment or decree for the defendant is reversed, then the Appellate Court, in proceeding to render such judgment or decree as the Court below ought to have rendered, gives to the plaintiff the relief to which he was entitled; but when a judgment or decree for the plaintiff is reversed, then the Appellate Court, in proceeding to render such judgment or decree as the Court below ought to have rendered, dismisses, in appropriate language, the plaintiff's action or suit. In the latter case, there is no adjudication in the Appellate Court of the question of restitution, but the mandate for it follows as a declaration or designation of the legal effect of the adjudicated reversal and dismissal.' '"

The court also approved directly and incorporated in its opinion the quotation from Lanyon v. Chesney, 106 S.W. 522, supra, which we have set out in this opinion.

The Supreme Court again (De Mayo et al. v. Lyons et al., 360 Mo. 512, 228 S.W.2d 691, 692, 693) ruled on this question of restitution. The parties in that litigation were engaged in the business of selling intoxicating liquors without a license. Plaintiff prevailed in the trial court and under execution secured a substantial payment on the judgment. This occurred while the appeal, taken without an appeal bond, was pending. The Supreme Court reversed that judgment (in an earlier opinion, 358 Mo. 646, 216 S.W.2d 436) and ordered "that the said appellants be restored to all things which they have lost by reason of the said judgment". Thereafter the trial court denied appellant's motion for restitution, saying restitution was not a matter of right but of discretion and that since the contract (whiskey sales without license) between the parties was illegal and void, it should "leave transgressors in the circumstances where they place themselves". This denial of restitution was reversed on appeal and the appellate court made the following statements:

"The general rule is that, upon reversal of a judgment against him, the appellant is entitled to restitution from the respondent of all benefits acquired under the erroneous judgment during the pendency of an appeal. This rule

has been followed in Missouri in many decisions. (citing cases).

* * * * * *

"The right to restitution exists even though it is not expressly ordered by the appellate court upon the reversal of an erroneous judgment and a motion for restitution is a proper method of obtaining such relief in the trial court. (citing cases)."

Respecting respondents assertion that defendant had voluntarily turned the property over to them, the court said:

"It is manifestly absurd to suggest that appellants voluntarily turned over to plaintiff property which was taken from them by the Sheriff under an execution issued upon a judgment which we later held to be a nullity."

It is our opinion that under the undisputed record evidence as it appears before us, and under the rulings of our appellate courts as set forth in this opinion, that both the magistrate court and the circuit court had jurisdiction to act completely on the motion for restitution. It is further our opinion that the motion should have been sustained.

The judgment of the circuit court is reversed and the cause remanded with directions to (1) sustain the motion for restitution and (2) enter judgment for defendant and against plaintiff in the sum of $541.85, with interest thereon from and after January 18, 1963, together with costs.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.