# BOARD OF TRUSTEES OF WESTMINSTER COLLEGE, Plaintiff in Error, v. PEIRSOL et al.

## Division Two, March 26, 1901.

1. **Deed of Trust:** FORECLOSURE SUIT: NOTE DECLARED UPON. A suit to foreclose a deed of trust is not a declaration upon the note secured thereby, but an action to foreclose a deed of trust. So that it is no defense in such case that the note described in the petition is a compound interest note, the interest of which is payable annually, while that described in the deed of trust is a simple interest note, both principal and interest of which are due at a certain time after its date.

2. ———: ———: ———: TIMELY OBJECTION. Such objection must be made when the note was offered in evidence, and if none is then made the objection is waived.

3. **Practice:** OBJECTIONS OVERRULED: JUDGMENT FOR OTHER PARTY: NO APPEAL. Where defendant objects to the admission of a deed of trust in evidence on the ground that it was executed after the grantor had sold the land under written contract and placed defendant in possession thereunder, and for other reasons, all of which were overruled, but judgment was rendered in his favor, he is in no position on appeal to object that the court overruled his objections unless he himself appealed therefrom.

4. **Deed of Trust:** NOTE: MATURITY FOR PURPOSES OF FORECLOSURE. Where a deed of trust provides that in default in the payment of the interest, the whole note shall become due for the purposes of foreclosure, the entire note becomes due for that purpose whenever the interest becomes due and remains unpaid. But, except for that purpose, the note is not affected by the terms of the deed of trust.

5. ———: ———: HOLDER: FORECLOSURE. In a suit by the holder of a note to foreclose a deed of trust, a defendant who is not a party to either the note or deed of trust, but who, without assuming the payment of the note, bought the land subject to the incumbrances, can not insist that plaintiff is not the note's legal holder, although said note was indorsed by the payee in blank.

Westminster College v. Peirsol.

6. ————: EXECUTION WHILE ANOTHER PARTY WAS IN POSSESSION: NO-
TICE: RATIFICATION. The payee of a note in a deed of trust is charge-
able with actual notice of all rights which an actual occupant of
the land may legally assert in defense of his possession under a
previous unrecorded contract of sale with the mortgagor. But the
actual occupant may abandon his rights under the contract under
which he was put into possession, and ratify the deed of trust as a
subsisting lien on the land. And that he has done this, may be
shown by the fact that he afterwards accepted a warranty deed
from the mortgagor reciting that it is made subject to such deed
of trust; or by the fact that he made a junior deed of trust himself
in which he recites it is subject to the prior deed of trust; or by
the fact that he paid interest to the holder of the note secured
thereby, or to the mortgagor for him.

Appeal from Morgan Circuit Court.—*Hon. D. W. Shackle-
ford,* Judge.

REVERSED AND REMANDED *(with directions).*

*Ross & Washburn* for plaintiff in error.

(1) The objection to the introduction of any evidence be-
cause of the alleged insufficiency of the petition is not well
taken. It stated a cause of action to foreclose the deed of
trust, and that was all the defendant Fry was interested in.
(2) The deed of trust was competent. There is nothing in
the objection that the note therein described is not the one
offered in evidence. The deed of trust does not contain a ver-
batim copy of said note but the description in the deed of trust
is sufficient to identify it beyond question. It is not necessary
that the mortgage contain a literal copy of the instrument
thereby secured. It is sufficient to describe it according to its
legal effect. Aull v. Lee, 61 Mo. 160; Stevens v. Hampton,
46 Mo. 404; Williams v. Bank, 72 Mo. 292. (3) This was
primarily a bill to foreclose a deed of trust. (a) To sustain a
bill to foreclose a mortgage, it is only necessary to produce in

court the note thereby secured.  Pharis v. Surrett, 54 Mo. App. 9.   (b) The production of the note or mortgage purporting to have been properly executed makes out a prima facie case, though such execution is denied by verified answer.   13 Am. and Eng. Ency. (2 Ed.), p. 822.   (4) Plaintiff offered the note and its indorsements in evidence.   Defendant Fry interposed the objection that he was not liable for the payment of the same and that it had not been shown that plaintiff was the legal holder thereof.   Fry was not sued on said note, was not a party to it.   Only the land in which he bought an equity was sought to be reached.   Plaintiff was in possession of the note, and offered said note and its indorsements in evidence.   (a) Possession, of a negotiable note, indorsed in blank by the payee, gives a prima facie right to recover on it which can be overcome only by direct evidence.   Lachance v. Loeblin, 15 Mo. App. 460.   (b) The production of a note in court with the indorsement of the payee thereon constituted prima facie evidence of ownership in the plaintiff.   Ashbrook v. Letcher, 41 Mo. App. 369 ; Banister v. Kenton, 46 Mo. App. 462.   (c) "The holder of a note is prima facie the owner of it."  Humes v. McKenney, 3 Mo. 383 ; Singleton v. Mann, 3 Mo. 464.   (d) "The possession of negotiable paper by an indorsee or by an assignee, where the paper is payable to bearer or indorsed in blank, is universally held to be prima facie proof of bona fide ownership, and the burden of proving the contrary is thrown upon the defendant in the action.   The bona fide holder is not subject to equitable defenses so called."   Tiedeman on Commercial Paper, sec. 303, pp. 523 and 524.   (e) Actual possession of a negotiable instrument payable to bearer or indorsed in blank, is plenary evidence of title in the holder until other evidence is produced to control it.   Collins v. Gilbert, 94 U. S. 753; Story on Bills (10 Ed.), 119; Chitty on Bills (12 Ed.), 257 ; 2 Parsons on Bills and Notes, 479 ; Milles v. Bar-

bour, 1 Mees. & W. 425; Murray v. Lardner, 2 Wall. 110; Goodman v. Simonds, 20 How. 343; Gillham v. Bank, 2 Ill. 246; Palmer v. Gardner, 77 Ill. 143; Wyant v. Pallorff, 37 Ind. 512; Glum v. Porter, 49 Ind. 500; Jackson Township v. Barnes, 55 Ind. 136; Wallace v. Reed, 70 Ind. 263; Palmer v. Bank, 78 Ill. 380; Scoville v. Landers, 50 N. Y. 686; Hays v. Hathorn, 74 N. Y. 486; Herrick and Burnside v. Swomly, 56 Md. 439; Hesser v. Doran, 41 Iowa, 486; Keith v. Champer, 69 Ind. 477; Bedell v. Timothy, 33 N. Y. 381; Hyde v. Lawrence, 49 Vt. 361; Eggen v. Briggs, 23 Kas. 500. (5) The answer of defendant Fry amounts to nothing, and his testimony falls of its own weight when opposed by the deed of trust he executed to secure to McNutt the payment of $1,600. (6) The court gave judgment in favor of "defendants." This was error. Piersol made default. Melcher v. Scruggs, 72 Mo. 406.

*Wm. Forman* for defendants in error.

(1) The note declared on in the petition was a seven per cent compound interest note, interest payable annually, while that described in the deed of trust offered in evidence was a seven per cent simple interest note, both principal and interest due five years after date of note. The note described in the deed of trust was not due at the time this suit was instituted. Koehring v. Muemminghoff, 61 Mo. 403. There was a fatal variance between the deed of trust pleaded and the deed of trust offered in evidence. Faulkner v. Faulkner, 73 Mo. 327; Gray v. Race, 51 Mo. App. 553. (2) It was necessary under the pleadings for plaintiff to prove it was the owner and holder of the note secured by the deed of trust offered in evidence. This it wholly failed to do. Cases cited by plaintiff in his

brief on this point do not dispense with the necessity of proof of ownership in plaintiff. (3) The contention of plaintiff that it was sufficient to produce on trial the note secured by the deed of trust is not borne out by the authorities cited in its brief on this point. Under the well-settled rule in this State a debt is the principal thing in a mortgage given to secure it, and a transfer of the debt carries with it the security. Mitchell v. Ladew, 36 Mo. 526; Watson v. Hawkins, 60 Mo. 550; Pharis v. Surrett, 54 Mo. App. 9. Under the pleadings in the case at bar, in order to recover it was incumbent on plaintiff to prove its ownership of the note declared on. This it failed to do. (4) The answer of defendant, Fry, set up a good defense to plaintiff's petition and was fully supported by the evidence in his behalf. The law is well settled on this proposition, as will be seen by the following authorities: (a) Possession of lands by a vendee is constructive notice of his contract of purchase, and of his equity in the land. (b) He is not bound to examine the records for subsequent incumbrances of the land by his vendor, nor is the record notice thereof to him. (c) A mortgage on the lands, executed by the vendor, while the purchaser is in possession, is subordinate to his rights under the contract; and until actual notice of the mortgage, the purchaser may safely continue to make payments of the purchase money to his vendor. (d) Such mortgage is, however, a valid lien on the interest remaining in the mortgagor at the time of its execution, which, before conveyance, is the legal title and a beneficial estate in the land to the extent of the unpaid purchase money; and payments made on the purchase money to the vendor, after the purchaser has notice of the mortgage, will be unavailing as against the mortgagee. Jaeger v. Hardy, (Ohio) 27 N. E. 863; Boyer v. Chandler, 32 L. R. A. 113. Where a vendee of property is in possession, and the vendor conveys the property to a third person, the possession of the vendee is

notice to the grantee, and to all the world, of all claims of the vendee. Railroad v. Boyd, 7 N. E. 487; Phelan v. Brady, 8 L. R. A. 211; Ranney v. Hardy (Ohio), 1 N. E. 523. The only sensible rule is, that actual residence upon the land is notice to all the world of every claim which the tenant may legally assert in defense of his possession. Bartlett v. Glass-cock, 4 Mo. 62; Davis v. Briscoe, 81 Mo. 37; Leavitt v. La Force, 71 Mo. 353; Farrar v. Heinrich, 86 Mo. 521; Levy v. Holberg, 67 Miss. 526; Bryan v. Hodges, 107 N. C. 492; Lance v. Gorman, 136 Pa. St. 200; Freeman v. Moffitt, 119 Mo. 301. (5) In reference to the McNutt deed of trust to secure the payment of $1,600, defendant Fry testified that he was unable to read or write and that the McNutt deed of trust was not read over to him before signing same. But, even had he knowingly signed the same, he is not estopped to deny the validity of the incumbrance on the land. "It is well settled that where the incumbrance is not made a part of the consideration and not deducted from it, and where it is not assumed by the grantee, the recital in a deed that the conveyance is subject to an incumbrance does not estop the grantee from showing that what purports to be an incumbrance is not one in fact because of its invalidity, or because it has been satisfied." Brooks v. Owen, 112 Mo. 260. Moreover, if plaintiff relies on estoppel, he must plead it. Plaintiff's reply is a general denial.

BURGESS, J.—This is an action to foreclose a deed of trust upon certain lands in Morgan county, executed by defendants Peirsol and William A. Lattimer on the first day of April, 1893, to secure the payment to Lattimer of a certain promissory note therein described.

The petition, after alleging the execution of the deed of trust by defendant John C. Peirsol and Lue H. Peirsol his

wife, and describing the lands, proceeds as follows:

"Plaintiff further states that by mistake, or oversight, in the scrivener, or the grantors in said instrument, the name of the trustee was not inserted; but that said conveyance was made in trust to secure the payment of certain indebtedness on the part of the said John C. Peirsol to one William A. Lattimer, the party of the third part, the beneficiary in said deed of trust; that said indebtedness is evidenced by a certain promissory note dated April 1, 1893, for the sum of $8,000, due five years after date thereof, together with interest thereon from date, at the rate of seven per cent per annum, which interest shall be due and payable annually, and if not so paid when due to become as principal, and bear the same rate of interest; that said deed of trust and said note are of even date, both being dated April 1, 1893, and both are filed herewith, and marked respectively "A" and "B;" that said deed of trust was filed for record in the office of the recorder of deeds of Morgan county, Missouri, on the eleventh day of May, 1893, and was recorded in book 10, pages 265 to 268, of the records of said county.

"Plaintiff further states that said deed of trust contains the following covenants, to-wit: 'Now, therefore, if the said party of the first part, or any one for them, shall well and truly pay off and discharge the debt and interest expressed in said note, and every part thereof, when the same becomes due and payable according to the true tenor, date and effect of said note, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said party of the first part; but should the said parties fail or refuse to pay the said debt, or the said interest, or any part thereof, when the same or any part thereof shall become due and payable according to the true tenor, date and effect of said note, then the whole shall become due and payable, and this deed shall remain in force.'

"Plaintiff further states that said note was assigned, transferred and delivered, for value received and before due, by indorsement, to William H. Marquess, executor of William Sausser, deceased, and the said William A. Lattimer waived notice of protest for non-payment in writing, over his signature, on the back of said note.

"Plaintiff further states that William Sausser departed this this life on or about — day of —, 189—; that the said William Sausser died testate; that William H. Marquess was nominated and duly qualified as the executor of the estate of the said William Sausser, deceased; that this plaintiff, the Board of Trustees of Westminster College, is the sole legatee of William Sausser, deceased, by his last will and testament; that said note of $8,000, was by the said William H. Marquess, executor of the said William Sausser, deceased, transferred by indorsement and delivered to this plaintiff, the Board of Trustees of Westminster College, as sole legatee under said will, and this plaintiff is now the legal holder and owner of said note and said deed of trust on said lands securing the payment of same.

"Plaintiff further states that the interest to April 1, 1894, in the sum of $560, was paid on the thirteenth day of June, 1894, together with $6.65 compound interest, accrued thereon to that date; and that the interest for the year ending April 1, 1895, in the sum of $560, was paid on the ninth day of November, 1895, together with the sum of $22.45, compound interest on said debt accrued thereon. But that default has been made in the payment of interest on said note of $8,000, due according to the tenor and effect of said note on the first day of April, 1896; that default has likewise been made in the payment of the interest due on said note April 1, 1897; and that thereupon this plaintiff has elected to deem the whole principal sum, as shown by said note, to become immediately due

and payable, whereby the said John C. Peirsol, and the said William A. Lattimer, are now justly indebted to this plaintiff, the Board of Trustees of Westminster College, in the sum of $8,000, together with interest thereon, at the rate of seven per cent per annum, compounded annually, from the first day of April, 1895.

"Plaintiff further states that the defendant W. B. A. McNutt has, or claims to have, some interest in or lien upon the premises described in said deed of trust, by being the beneficiary in an incumbrance junior to that now held by the plaintiff. Wherefore, the said W. B. A. McNutt is hereby made a defendant herein, that he may have a legal notice of these proceedings, and answer herein, if he shall so desire.

"Plaintiff further states that the defendant Randolph Fry is in possession of said premises, under a conveyance from John C. Peirsol and wife, made, executed and delivered after the execution of the deed of trust filed in this cause; that he claims to be the owner of the equity of redemption therein; and that he bought with knowledge of and subject to said deed of trust; and he is hereby made a party to this action that he may answer herein, and that his rights, if any he may have, may be adjudicated.

"Wherefore, plaintiff prays for judgment on said note against the said John C. Peirsol and William A. Lattimer for said sum of $8,000, and interest thereon, at the rate of seven per cent per annum, from the first day of April, 1895, to the rendition of judgment. And plaintiff further prays for a decree against the defendants, John C. Peirsol and Lue H. Peirsol, his wife, William A. Lattimer, Randolph Fry and W. B. A. McNutt, and each of them, and all persons claiming under them, and either of them, that they be foreclosed of all interest, lien and equity of redemption, in the premises mentioned and described in said deed of trust; that said premises be sold,

and the proceeds thereof applied, first, to the payment of the costs and expenses of this action; second, to the payment of the principal and interest due on said note; and that the defendants, John C. Peirsol and William A. Lattimer, be adjudged to pay any deficiency that may remain after applying to the payment of said note and the costs thereon, all of said moneys applicable thereto, and for such other and further relief as to the court shall seem meet and just in the premises."

Defendant, Fry, filed separate answer, the material parts of which are as follows:

"This defendant further answering, and for a complete defense to plaintiff's action, states that on the — day of February, 1893, this defendant and his co-defendant, John C. Peirsol, made and entered into a contract in writing, to the following effect, viz.: In consideration that this defendant would convey to said Peirsol certain lands in the counties of Monroe and Gentry, in the State of Missouri, of the agreed value of four thousand dollars, and of the payment in cash of one thousand dollars, and the further payment of three thousand dollars, payable as hereinafter stated, the said John C. Peirsol, being the owner thereof, agreed to convey by warranty deed, duly executed by himself and wife, the following described real estate situate in Morgan county, Missouri, to-wit: the northwest quarter, and that part of the southwest quarter north of the State road, of section four; the north half, and the north half of the southwest quarter, of section five; and all of the southeast quarter of said section five; all in township forty-two of range eighteen; also the southeast quarter, and the southeast quarter of the southwest quarter of section thirty-two, and thirty acres off of the west side of the southwest quarter of section thirty-three, all in township forty-three, of range eighteen, west, and containing in all six hundred and forty-seven acres; subject, however, to a deed of trust made and executed by one

John Briscoe and wife, which deed of trust was given to secure the payment of a certain promissory note for five thousand dollars in said deed of trust described, said deed of trust being recorded in deed of trust record number 7, at page 43, in the office of the recorder of deeds of Morgan county, Missouri. Defendant further states that said contract further provided that the payment of the three thousand dollars aforesaid was to be made after said lands above described were surveyed; and said contract further provided that for every acre of prairie land short of four hundred and eighty-seven acres there should be deducted from said three thousand dollars the sum of thirty dollars per acre; and that said contract further provided that for every acre of timber land short of one hundred and sixty acres, there should be deducted from said three thousand dollars aforesaid the sum of ten dollars per acre. Defendant states that said contract is lost and can not, for that reason, be filed as an exhibit herein.

"Defendant further states that he performed all the conditions of said contract on his part; that on the second day of March, 1893, he was placed in possession of the mansion house situated on said land, and in the possession of the lands thereto, belonging to the said John C. Peirsol, and has ever since said date been in the actual possession of the same; but that the said John C. Peirsol has wholly failed and neglected and refused to convey, by good and sufficient title, or any title at all, the lands as by his contract he was bound to convey; that on or about the — day of August, 1893, this defendant caused a survey of said lands to be made by the county surveyor of Morgan county, Missouri; that by said survey there was shown to be only three hundred and twenty acres of prairie land, the same being one hundred and sixty-seven acres less than the amount guaranteed in said contract, thereby entitling this defendant to a credit of five thousand and ten dollars on the purchase

price of said lands aforesaid; defendant further states that said survey further showed that there was only six hundred and seventeen acres of the land in the tract contracted to be conveyed as aforesaid, thereby making a shortage of thirty acres in the total number of acres agreed to be conveyed to this defendant in pursuance of said contract, thereby entitling this defendant to a further credit of the sum of nine hundred dollars on the purchase price of said lands aforesaid. Defendant further states that on the thirteenth day of June, 1894, he paid on the purchase price of said lands the sum of five hundred and sixty-six dollars and sixty-five cents; and on the ninth day of November, 1895, he paid the further sum of five hundred and eighty-two dollars and forty-five cents on the purchase price of said lands, thereby entitling this defendant to the further credit on the purchase price of said land of the sum of eleven hundred and forty-nine dollars and ten cents, making a total payment on the purchase price of said land of twelve thousand and fifty-nine dollars and ten cents, and leaving a balance due on the purchase price of said lands of nine hundred and forty dollars and ninety cents.

"Defendant further answering, states that the incumbrance placed on said land by said John Briscoe aforesaid, in favor of the Jarvis-Conklin Mortgage Company, the same being recorded in the office of the recorder of deeds of Morgan county, Missouri, in deed of trust record book 7, at page 43, is, was and still remains a lien and charge on the lands aforesaid, and that the amount of the balance due on the purchase price of said lands as aforesaid, is due and owing to the said Jarvis-Conklin Mortgage Company aforesaid. Defendant further states that at the time he purchased and took possession of said lands, there were no other liens or incumbrances on said lands than the one hereinbefore described in favor of the Jarvis-Conklin Mortgage Company; that this defendant at the time he pur-

chased said lands and took possession of the same, had no notice of any lien, or pretended lien, of plaintiff or its grantors on said lands."

By way of replication to the answer, plaintiff denied all new matter set up in said answer.

The case was dismissed as to Lattimer.   The other defendants made default.

The facts are about as follows:

About the twenty-eighth day of February, 1893, defendant John C. Peirsol entered into a written contract with defendant Fry for the sale of the lands involved in this litigation. At the time of this sale there was an incumbrance on the land in the nature of a deed of trust securing the payment of $5,000, to Jarvis-Conklin Mortgage Company of Kansas City, Missouri.

Fry testified upon the trial that this contract was lost, but that its provisions were substantially in accordance with the allegations in his answer, with respect to the terms of the contract and Peirsol's failure to comply therewith.

This contract was never placed upon record, but Fry took possession of the land under it on or about the second day of March, 1893.   Thereafter, on the first day of April, 1893, John C. Peirsol and wife executed a deed of trust by which the lands described in the petition were conveyed to secure the payment of a note of even date executed by them and one Jacob A. Peirsol to William A. Lattimer for the sum of eight thousand dollars due and payable five years after its date, with seven per cent interest per annum, and if interest was not paid annually or when due, the same was to be added to and become part of the principal, and bear interest at the same rate.

On the same day Peirsol and wife conveyed said lands to the defendant Fry by warranty deed, the expressed consideration being fourteen thousand dollars, and in which it is recited

that it is made subject to said deed of trust. The deed of trust was filed for record in the recorder's office of Morgan county on May 1, 1893, and the deed to Fry on June 23, 1893.

Fry testified that the deed to him was sent by Peirsol to the recorder of deeds of Morgan county before he knew anything about it, and that while he afterwards got it and has ever since retained it, he never accepted it as called for by said contract, although he further testified that he knew the deed recited that it was subject to the $8,000 deed of trust of even date, and that he had been paying the principal on the note since; that he paid to Peirsol on the thirteenth day of June, 1894, $566.65 on it, and $582.45 on November 9, 1895.

On the twenty-third day of February, 1895, defendant Fry and wife executed a deed of trust to B. R. Richardson, trustee, whereby he conveyed the lands described in said first mentioned deed of trust and in said warranty deed made by Peirsol to said Fry, to secure the payment of a note of $1,600 he had made to John C. Peirsol, and which the said Peirsol had assigned to W. B. A. McNutt, the beneficiary in said deed of trust. This second deed of trust contains the following clause: "Subject, however, to a deed of trust heretofore given to W. A. Lattimer to secure the payment of an eight thousand dollar note and interest." The deed of trust last named was filed for record February 23, 1895.

The eight thousand dollar note was transferred by W. A. Lattimer, indorsed in blank, to Wm. H. Marquess, executor of the estate of William Sausser, deceased, and by said executor to the Board of Trustees of Westminster College, plaintiff herein, as the sole legatee of the said Sausser.

Default having been made in the payment of interest for the years ending April 1, 1896 and 1897, respectively, this suit to foreclose said deed of trust was brought against Peirsol and wife, who executed it, Lattimer as indorser, and Fry who

had bought the land subject to the deed of trust. McNutt was also made a defendant, but no question arises here as to him. The action as against Lattimer was dismissed. J. C. Peirsol and Lue H. Peirsol and McNutt made default.

Defendant Fry read in evidence, over the objections of plaintiff, the record of a deed of trust made by John Briscoe and wife in 1886, conveying the lands in question to secure the payment of $5,000, to the Jarvis-Conklin Mortgage Company.

The trial resulted in a judgment in favor of defendants. In due time plaintiff filed its motion for a new trial, which was overruled, whereupon it sued out a writ of error from this court, and brings the case here for review.

While the trial court ruled all of the questions involved in the case necessary to make out a prima facie case on plaintiff's part, in its favor, it rendered judgment against it, and as no finding of facts was made, we are unable to conceive upon what theory it was thus decided, unless it was upon the ground that the prima facie case was overcome by defendant.

We infer, however, from defendant's brief, that it is claimed by him that the judgment may be upheld upon either one of several grounds, among which is this, that the note declared upon was a seven per cent compound interest note, interest payable annually, while that described in the deed of trust is a seven per cent simple interest note, both principal and interest due five years after the date of the note. But the note is not declared upon; it is an action to foreclose a deed of trust. Besides, there was no objection to the introduction in evidence of the note described in the deed of trust, upon that ground, and in so far as it is concerned it can not now be said that it was improperly admitted in evidence.

When, however, plaintiff offered in evidence the deed of trust, defendant objected for the reason that it is void on its face and conveys nothing; and for the further reason that it

appears therefrom that the note intended thereby to be secured is not the note offered in evidence by the plaintiff; and for the further reason that the indorsement on said deed of trust is not the best evidence as to the recording of said deed in the office of the recorder of deeds of Morgan county; and for the still further reason that said conveyance was executed by the grantor therein after he had parted with his title to said lands, and delivered the possession of the same to the defendant, Fry. While these objections were overruled and the deed of trust read in evidence, the judgment was in favor of defendant, and as he has not appealed therefrom, he is in no position to insist upon an erroneous ruling from which he does not appeal.

It is also claimed that the note in question was not due at the time this suit was instituted. But this position is not borne out by the facts and is therefore untenable. The note was executed on the first day of April, 1893, due five years from date and bearing seven per cent interest per annum, the interest to become due and payable annually, while the deed of trust by which its payment is secured provides that should the said first parties fail or refuse to pay the said debt, or the said interest, or any part thereof, when the same or any part thereof shall become due and payable, according to the true tenor, date and effect of said note, then the whole shall become due and payable, and this deed shall remain in force; and the said party of the second part, "may proceed to sell," etc. Now, the petition alleges and the evidence showed that default was made in the payment of the interest due on said note on the first day of April, 1896, and on the first day of April, 1897. In consequence of such default plaintiff asserts that, by the provisions of said deed of trust, the whole amount of the note became due, hence this suit.

Where by the terms of a promissory note the interest is to become due thereon at a specified time, and it is provided by a

deed of trust upon property securing its payment that, in default of the payment of such interest as it becomes due, then the whole amount of the note shall become due and payable, the note is not affected thereby as to the date of its maturity by the terms of the deed of trust, declaring that it shall become due in default of the payment of the interest, except for the purpose of enforcing the mortgage security (Owings v. McKenzie, 133 Mo. 323), but for that purpose the note as to such default and its consequences is controlled by the deed of trust.

Defendant insists that plaintiff failed to prove that it was the holder of the note, or that it was ever transferred and delivered to William H. Marquess, executor of William Sausser, deceased. But with respect to these matters also, the court ruled adversely to defendant's contention, and permitted the note and the indorsements on it to be read in evidence, and as defendant did not appeal, he is in no position to complain with respect thereto. Moreover, the makers of the note, its payee, indorsers and indorsees, and the holder of the note, were the only parties interested or concerned in these matters, and the grantors in the deed of trust made default, thereby admitting all the material allegations in the petition, while the other parties are not here complaining, and defendant Fry has no right to do so for them. Fry was not a party to either note or deed of trust, nor did he even assume the payment of the former, but simply bought the land subject to the latter.

It is plain that the deed of trust from Briscoe to the Jarvis-Conklin Mortgage Company afforded no defense to this action, and the only question in the case is as to whether or not Lattimer, the payee in the note from Peirsol and wife to him, and the beneficiary in the deed of trust which was given to secure its payment, had notice of the sale claimed to have been made of the lands embraced in the deed of trust by Peirsol to defendant Fry at the time he received the deed of trust. There was

nothing tending to show such notice other than the actual possession of and residence by Fry and his family on the land at that time, his contract though in writing not having been placed of record in the county.   It has been repeatedly held by this court that actual residence upon land is actual notice to all the world which the occupant may legally assert in defense of his possession.   [Davis v. Briscoe, 81 Mo. 27; Leavitt v. La-Force, 71 Mo. 353; Farrar v. Heinrich, 86 Mo. 521.]   In the case in hand, however, defendant Fry, after the execution of the deed of trust sued upon, accepted from Peirsol a warranty deed to the land described in the deed of trust (except as to certain incumbrances mentioned in said deed) dated on the same day that the deed of trust is, acknowledged on the twelfth day of April, 1893, and filed for record in the recorder's office of Morgan county, June 21, 1893, in which it is recited that it is made subject "to a deed of trust this day made to William A. Lattimer, to secure a note of $8,000, with interest thereon at seven per cent and to all taxes hereafter due."   Thus by subsequent contract, and for a new consideration, Fry took the lands subject to said deed of trust, which did away with any previous contract.   Not only this, but he thereafter made to Peirsol two payments amounting to over a thousand dollars on said eight thousand dollar note, which can not be accounted for upon any other theory than that he purchased the lands subject to the deed of trust by which its payment was secured.

Moreover, on the twenty-third day of February, 1895, Fry and his wife Mary C. Fry executed a deed of trust upon the same land to B. R. Richardson as trustee for the use and benefit of W. B. A. McNutt to secure the payment of a note for $1,600 executed to John C. Peirsol and by him on the eighteenth day of February, 1892, assigned to said McNutt before it became due, in which deed of trust last named it is stated that it is made "subject, however, to a deed of trust heretofore

given to W. A. Lattimer to secure the payment of an eight thousand dollar note and interest. These facts clearly show that the first contract between Peirsol and Fry under which the latter claims to have taken possession of the land was abandoned, and a new and different contract with respect thereto entered into between them in pursuance of which the deed by Peirsol and wife to him for it was executed. The evidence of defendant did not therefore overcome plaintiff's prima facie case.

For the reasons indicated the judgment will be reversed, and the cause remanded, with directions to the court below to enter up a decree in favor of plaintiff foreclosing the equity of redemption of the mortgagors, and those claiming under them in the land in question.

*Sherwood, P. J.,* and *Gantt, J.,* concur.