## BOARD OF TRUSTEES OF WESTMINSTER COLLEGE v. EDWARD J. FRY and P. G. WOODS, Appellants.

Division Two, December 22, 1905.

1. **MORGAGE: Refusal to Foreclose: Effect on Lien.** A judgment for defendants in a suit to foreclose a mortgage, which does not attempt to cancel or set aside the mortgage or grant other affirmative relief, does not destroy the mortgage as a lien on the property.

2. ————: ————: ————: **Writ of Error: Subsequent Mortgage.** And where the case was taken by writ of error to the appellate court, and that judgment was reversed, and the cause remanded with directions to foreclose the mortgage, the fact that after the bill of exceptions was filed within time, and before the writ of error was issued, another mortgage was placed upon the property, did not affect the first mortgage as a lien, or make it subject to the later mortgage.

3. ————: ————: ————: **New Suit: Purchaser Pendente Lite.** A suit is pending until the time for filing a bill of exceptions has expired. And if within that time the bill is filed, another mortgage, given within that time on the land embraced within the mortgage to foreclose which the unsuccessful suit was brought, on the reversal of the judgment in that suit, was given *pendente lite*. A writ of error is not a new suit if the bill of exceptions was filed within the time permitted by the court.

4. ————: ————: ————: **Bona Fide Purchaser.** A party to an erroneous judgment, which is subsequently reversed, cannot, after the reversal, claim any protection or receive any benefit from it. Neither can his attorney. So that an attorney who obtained an erroneous judgment for defendants in a suit to foreclose a mortgage, and examined and approved a bill of exceptions filed in time, and subsequently obtained a mortgage for his fee from the defendants or their assigns, and that judgment is reversed on writ of error, is not a bona-fide mortgagee, nor is he a bona-fide purchaser at the foreclosure sale, nor is his subsequent vendee with notice. The plaintiff in the original foreclosure proceeding, on reversal of the judgment refusing foreclosure, was entitled, on reversal, to be restored to the condition which existed before the judgment was rendered, so far as the interests of defendants, their agents and attorneys, and all purchasers from them with notice, were concerned.

5. ———: ———: ———: Mortgage for Pre-existent Debt.  A mortgage given as security for a pre-existing debt, no new consideration passing at the time, does not constitute the mortgagee at its foreclosure a purchaser for value, and the vendee of such purchaser, with notice of the facts, is in no better condition.

Appeal from Morgan Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

AFFIRMED.

*Wm. Forman* and *Gibbs & Knipmeyer* for appellants.

(1) At the time Randolph Fry executed the deed of trust under which defendant Woods claims, there was no suit pending that could affect his title.  The writ of error subsequently issued was a new suit, and not a continuation of the foreclosure suit to reverse the judgment in which it was sued out.  Macklin v. Allenberg, 100 Mo. 337; Macklin v. Smidt, 104 Mo. 361; Pierce v. Stinde, 11 Mo. App. 364.  (2) The writ of error was not *lis pendens* until the writ had been issued and notice thereof served on the adverse party.  Pierce v. Stinde, supra; Taylor v. Boyd, 3 Ohio 338, 17 Am. Dec. 603; 21 Am. and Eng. Ency. Law (2 Ed.), 611.  (3) The only issue in the suit to foreclose plaintiff's deed of trust was its validity as to Randolph Fry.  That issue was determined by the court in favor of Fry.  "The decree was valid and binding on the parties to the suit.  It fixed and settled the rights of the parties thereto.  The litigation was at an  end, and persons dealing with the property had a right to rely upon the validity of the decree, and they may invoke it to protect rights acquired whilst it remained in full force and not questioned by any pending litigation.  Judicial sales made under judgments and decrees, afterwards reversed, to strangers are upheld, it is often said, to encourage bidders, and on grounds of public policy; but the true reason is, that such purchasers, as well as purchasers from parties to

the suit, have a right to rely upon the validity of the judgment or decree, execution not having been stayed." Macklin v. Allenberg, 100 Mo. 345. (4) The fact that the circuit court failed, by its judgment in the foreclosure suit, to expressly annul plaintiff's deed of trust is of no consequence. It appears from the petition and Randolph Fry's answer in that cause that the validity of that deed of trust was the sole issue presented. The petition, answer and judgment constituted, to say the least, prima-facie evidence that the plaintiff's deed of trust was adjudged invalid as to Fry. Hull v. Lyon, 27 Mo. 570; Hickerson v. Mexico, 58 Mo. 65; 24 Am. and Eng. Ency. Law (2 Ed.), 833. Forman and Woods had a right to rely upon the correctness of the circuit court's adjudication of that issue, after the term had elapsed without an appeal and until a writ of error had been sued out. Macklin v. Allenberg, supra. (5) Forman's claim against Randolph Fry was due at the time he accepted the note, due two years after date and secured by the deed of trust, in settlement. He was, therefore, a purchaser for value. Martin v. Nixon, 92 Mo. 34, citing Cass County v. Oldham, 75 Mo. 50, and 1 Jones on Mort., sec. 459. (6) Forman's good faith not being questioned, and the property not being subject to any equities in his hands, his quitclaim deed passed the title to Woods. Craig v. Zimmerman, 87 Mo. 475. (7) Woods, as assignee of the Bank of Versailles deed of trust, having paid a valuable consideration therefor, is entitled to protection as a bona-fide purchaser for value. 23 Am. and Eng. Ency. Law (2 Ed.), 476. (8) The Bank of Versailles made a part of the loan to Randolph Fry in consideration of his promise to give a deed of trust upon the land in suit, upon the termination of the litigation of the foreclosure suit. (9) Plaintiff's remedy is against Randolph Fry. Macklin v. Kinealy, 141 Mo. 113. (10) Even though Forman was Fry's attorney at the time he took the deed of trust, plaintiff is in

no position to set up that fact as against the security so taken. Leach v. Fowler, 22 Ark. 143.

*A. L. Ross* and *W. M. Williams* for respondent.

(1) The judgment rendered for defendants in the foreclosure suit which was subsequently reversed by this court, did not undertake to cancel, set aside, vacate, or in anywise interfere with the lien of the mortgage. It simply refused to enter a decree of foreclosure as prayed by the plaintiff. The lien of the mortgage was not affected by this judgment. It remained in full force and effect. The lien of the mortgage is independent of, and is not merged in, a judgment obtained in a proceeding under the statute to foreclose. The mortgage itself remained a lien upon the land at the time the deeds of trust were given under which defendant Woods claims title. Riley's Adm. v. McCord, 21 Mo. 285; Thornton v. Pigg, 24 Mo. 249; Boyd v. Ellis, 107 Mo. 394. (2) The deeds of trust, under which defendant Woods claims the land, were executed before the expiration of the time for filing the bill of exceptions, and hence while the suit was pending. "Souther purchased the land and received his deed before the time had expired for filing the bill of exceptions, and we think the suit must be regarded as pending until that time expired. He was, therefore, a purchaser pending the litigation, and took his deed subject to the result of the suit. It is true that suing out a writ of error is for some purposes considered the commencement of a new action." Macklin v. Allenberg, 100 Mo. 337; Bailey v. Winn, 113 Mo. 165. (3) The rule, which protects innocent purchasers for a valuable consideration, who buy property in reliance upon the judgment of a trial court, before a writ of error has been sued out to reverse such judgment, has no application to this case. The rights of innocent third parties are not involved here. (a) One of the deeds of trust was given to the attorney for

a defendant in the foreclosure suit, and in large part for his fee in obtaining the erroneous judgment therein. The day before this deed of trust was executed, the bill of exceptions was filed, which the attorney had examined and approved. When the judgment, improperly entered by the circuit court, was reversed by this court, the plaintiff therein was entitled to be restored, so far as concerned the defendants in said suit, their agents, and attorneys, to the condition, in which it stood previous to said judgment. Neither the defendants nor their attorneys can claim any advantage or protection from such erroneous judgment. The attorney stands in the same position as the parties in this respect. Railroad v. Brown, 43 Mo. 297. A party to an erroneous judgment, which is subsequently reversed, cannot after the reversal claim any protection or receive any benefit from it. Neither can his attorney. It stands as to both of them as if it had never been rendered, and neither can rely upon it nor upon any rights growing out of it. Gott v. Powell, 41 Mo. 416; Shaw v. Padley, 63 Mo. 519; Harness v. Cravens, 126 Mo. 258; Pierce v. Stinde, 11 Mo. App. 371; Galpin v. Page, 85 U. S. 350. (b) The deed of trust to the Bank of Versailles was given as security for a pre-existing indebtedness. No new consideration passed at the time. The bank parted with nothing in reliance upon said deed of trust. It was taken merely as security for a debt then owing to said bank. The bank did not therefore become a purchaser for value. Loewen v. Forsee, 137 Mo. 29; Napa Valley Wine Co. v. Rinehart, 42 Mo. App. 171; Dry Goods Co. v. Bank, 81 Mo. App. 280; Bank v. Bates, 120 U. S. 556. (c) Defendant Woods had full notice at the time of his purchase under the deeds of trust of all the facts, and hence stood in no better position than the beneficiaries in said trust deeds. (4) "The claim of being an innocent purchaser is, in an answer, an affirmative defense" and must be pleaded and proved by the party setting it up. Young v. Schofield, 132 Mo. 650.

GANTT, J.—This is an action of ejectment, in which both parties claim title to the land in controversy under John C. Peirsol.

The plaintiff purchased the land at a sale under a decree of the circuit court of Morgan county, rendered in obedience to the mandate of this court in the case of Westminster College v. Peirsol, 161 Mo. 270, foreclosing a mortgage executed on the first day of April, 1893, by said Peirsol and wife.

Ouster is laid as of October 16, 1901. Edward J. Fry was originally the only defendant. On December 9, 1901, Fry filed his answer admitting that he was in possession of said lands as tenant of Peter George Woods and denied the other allegations of the petition. Upon the same day, by consent, Woods was made a party defendant and filed his answer. Randolph R. Fry was in possession of the land at the time the above-mentioned foreclosure suit was begun and was made a de-said Peirsol, dated on the first day of February, 1893. It fendant in said action. He defended on the ground that he had a prior right to the land under a contract with appeared, however, in said suit, that the deed made to him by Peirsol recited upon its face that it was subject to the deed of trust under which plaintiff in this suit purchased the land, and while he denied that he had ever accepted this deed, it was shown that he had executed a deed of trust upon the land in which he stated that said deed of trust was subject to the lien of the deed of trust executed by Peirsol on the first day of April, 1893, and he made payments on the debt secured by the latter instrument. The facts developed in the foreclosure suit are fully set out in the opinion of this court in Westminster College v. Peirsol, 161 Mo. 270.

The circuit court heard the suit to foreclose the Peirsol mortgage on the 17th of December, 1897, and took the case under advisement until the 21st of April, 1898, at which time judgment was entered for the de-

Board of Trustees v. Fry and Woods.

fendants. The Peirsol mortgage of April 1, 1893, was
not set aside or vacated by this judgment, nor was there
any affirmative relief granted to said Randolph R. Fry.
There is nothing in the judgment declaring that his
right to the land was superior to the Peirsol mortgage
under which plaintiff claims, nor does it in any way at-
tempt to interfere with the lien of said mortgage.    It
simply recites that the court found the issues for the
defendants, "and against the petition of the plaintiff,"
and ordered that plaintiff take nothing by its writ and
that defendants recover their costs, etc.    That judg-
ment, as above stated, was rendered April 21, 1898. The
plaintiff filed a motion for new trial which was over-
ruled and the court by an order of record gave plain-
tiff leave to file its bill of exceptions on or before the
10th of August, 1898.   The bill of exceptions was filed
on the 21st of June, and on the 29th of June, 1898, a
writ of error was sued out from this court, returnable
to the October term, 1898, and notice of its issuance was
served upon the defendants on the following day.   On
the 22nd day of June, 1898, Randolph R. Fry and wife
executed to Joel E. Hubbard, trustee, their deed of
trust on the lands in suit to secure William Forman the
payment of Randolph Fry's promissory note to said
Forman for $1,100 payable two years thereafter. This
deed of trust was filed for record June 22, 1898, at 4:32
o'clock p. m. Randolph Fry and wife also executed a
deed of trust on the same lands to James McNair, trus-
tee, to secure the payment of Fry's several promissory
notes payable to the Bank of Versailles, which aggre-
gated the sum of $6,143.40.   This deed of trust, which
was subject to Forman's deed of trust, was filed for rec-
ord on the same day at 4:35 o'clock, p. m. On March 26,
1901, this court rendered its judgment in the case of
Westminster College v. Peirsol, reversing the judgment
of the Morgan Circuit Court, and remanded the cause
with directions to the Morgan Circuit Court to enter up
a decree in favor of the plaintiff therein, foreclosing

Board of Trustees v. Fry and Woods.

the equity of the redemption of the mortgagors and those claiming under them in the land in question. On April 20, 1901, the circuit court of Morgan county in pursuance of said mandate rendered judgment for Westminster College for the sum of $12,047.65, and de-. creed that said deed of trust be foreclosed and the equity of redemption of John C. Peirsol and his wife, Randolph Fry and W. B. A. McNutt, defendants there-in, should be foreclosed and said lands sold by the sheriff of Morgan county, Missouri, to satisfy said indebtedness, together with the interest thereon from the date of judgment, and with judgment over against said Peirsol for any remaining deficit. On July 22, 1901, the lands in controversy were sold under a deed of trust in favor of William Forman, and Forman became the purchaser and received the deed of the acting trustee. This deed was filed for record July 22, 1901, at five o'clock p. m. On July 22, 1901, the same land was also sold under the deed of trust to the Bank of Versailles, and Peter George Woods became the purchaser and received the deed of the trustee to said lands. This deed was filed for record August 14, 1901. On August 8, 1901, William Forman and wife quitclaimed said lands to Peter George Woods, which deed was recorded August 14, 1901. The note for $1,100 given by Fry to Forman was for Mr. Forman's fee in the first foreclosure suit, and $100 for other services. Prior to the acceptance of this note and deed of trust to secure the same, Mr. Forman had examined and approved the bill of exceptions filed on the day previous in the foreclosure suit and knew that said bill had been filed. The deed of trust to the bank of date June 22, 1898, was for past indebtedness of Fry to the bank. No new consideration was received by Fry at the time. These notes were subsequently assigned by the bank to the defendant Peter George Woods, but he was notified before this assignment that the writ of error had been issued by this court in the foreclosure suit. The sales under both of these deeds

of trust were made after the decision of this court reversing the judgment of the Morgan Circuit Court in the foreclosure suit above mentioned and the notice of the proceedings was given by plaintiff's attorney at the sale.

The defense in this case stands upon the proposition that as the deed of trust for Mr. Forman's fee and the other deed of trust as security for the pre-existing indebtedness of Fry to the Bank of Versailles were executed on the 22nd of June, 1898, and the writ of error was not sued out in the action to foreclose the Peirsol mortgage until the 29th of June, 1898, the purchaser under such deeds of trust obtained a better title than the plaintiff acquired by this purchase at the sale under the decree foreclosing said Peirsol's mortgage, notwithstanding there was no new consideration for the bank's deed of trust, and the other was to the defendants' attorney for his fee in the foreclosure suit, and both of them were executed before the time for filing the bill of exceptions had expired, and although the circuit court in the first judgment in the foreclosure suit did not undertake to cancel or affect the lien of the Peirsol mortgage, but simply entered a judgment for the defendant in that action. The circuit court gave judgment for the plaintiff for the possession of the land in suit and for rents and profits since its purchase, and rendered judgment accordingly. The case is here on appeal by the defendants from this judgment.

I.   The mortgage under which plaintiff purchased was executed by John C. Peirsol and wife on the first day of April, 1893, and was duly filed for record in the office of the recorder of Morgan county, Missouri, May 10, 1893. The circuit court of Morgan county in the judgment rendered for the defendants in the foreclosure suit on the 21st day of April, 1898, which was subsequently reversed by this court, did not undertake to cancel, set aside, vacate or in anywise interfere with the lien of this mortgage. It simply refused to enter a de-

cree of foreclosure as prayed by the plaintiff.   While this court was unable to conceive upon what theory the circuit court refused a judgment of foreclosure in that case, it is certain that it in no manner attempted to destroy the lien of the mortgage in favor of the plaintiff, nor did it give any affirmative relief to the defendants in that case.

The lien of the mortgage was entirely unaffected by the judgment in that case; it remained in full force and effect.   Had the circuit court by its decree attempted to interfere with the lien of the mortgage, or had decreed affirmatively that defendant Fry had taken the land discharged of that lien, and a sale had been made to a bona-fide purchaser for value after the rendition of that judgment and before the writ of error had been sued out, a different question would be presented to this court; but as no such judgment was rendered by the circuit court, the lien of the mortgage was entirely unaffected and was in full force and of record at the time the deeds of trust were given to Forman and the bank. [Riley's Admr. v. McCord's Admr., 21 Mo. 285; Thornton v. Pigg, 24 Mo. 249; Boyd v. Ellis, 107 Mo. 394.]

II.   But it is insisted by the learned counsel for the defendants that at the time Randolph Fry executed the deeds of trust under which defendant Dr. Woods claims, there was no suit pending that could affect his title; and the writ of error subsequently issued was a new suit within the principle of Macklin v. Allenberg, 100 Mo. 337.   But it is to be noted that the time for filing the bill of exceptions in the foreclosure suit did not expire until August 10, 1898, and the writ of error was sued out on the 29th of June, 1898. The deeds of trust under which Dr. Woods claims the land  were executed before the expiration of the time for the filing of the bill of exceptions, and this court, in Bailey v. Winn, 113 Mo. l. c. 165, said: "Souther purchased the land and received his deed before the time had expired for filing the bill

192 sup—36

of exceptions, and we think the suit must be regarded as pending until that time expired. He was, therefore, a purchaser pending the litigation, and took his deed subject to the result of the suit. It is true that suing out a writ of error is for some purposes considered the commencement of a new action. [Macklin v. Allenberg, 100 Mo. 337.] But Sparrow and his grantee, Souther, are in no condition to invoke the rule, for Souther purchased the land while the suit was pending." We think the law was correctly ruled in that case, and as Dr. Woods purchased under deeds of trust taken *pendente lite* he took subject to the result of the foreclosure suit.

III. The claim is made that Dr. Woods is entitled to protection as a bona-fide purchaser for value, but it is to be observed that one of the deeds of trust under which he claims title was given to the attorney for Fry in the foreclosure suit and a large part for his fee in obtaining the erroneous judgment therein. The day before this deed of trust was executed, the bill of exceptions in that case had been examined and approved by Mr. Forman and had been filed, and that judgment was afterwards reversed by this court. The plaintiff therein was entitled to be restored to the condition in which it stood previous to said judgment so far as concerned the defendants in said suit, their agents and attorneys. This court, in Railroad v. Brown, 43 Mo. l. c. 297, said: "But when the judgment in the case of Brown v. The Hannibal & St. Joe R. R. Co., 37 Mo. 298, was reversed in this court, all of the proceedings had in pursuance of that judgment were vacated, and the defendant was entitled to be restored to the condition in which it stood previous to the judgment, and to restitution of everything that it had lost and which remained in the hands of the adverse party, his agents, attorneys, or privies. Lander was the attorney who gave direction to the whole matter; he was cognizant of all the facts, and is

therefore chargeable in the same manner as Brown himself.''

A party to an erroneous judgment, which is subsequently reversed, cannot after the reversal claim any protection or receive any benefit from it. *Neither can his attorney.* [Gott v. Powell, 41 Mo. 416; Harness v. Cravens, 126 Mo. l. c. 258, 259; 2 Freeman on Executions (2 Ed.), sec. 340; Shaw v. Padley, 64 Mo. 519.]

The other deed of trust to the Bank of Versailles was given as security for a pre-existing indebtedness. No new consideration passed at the time. The bank parted with nothing in reliance upon said deed of trust, and did not therefore become a purchaser for value. [Loewen v. Forsee, 137 Mo. 29; People's Savings Bank v. Bates, 120 U. S. 556.]

The defendant Woods had full notice at the time of his purchase under the deeds of trust of all the facts, and hence he is in no better position than the beneficiaries in said trust deeds.

Having reached the above conclusions upon the foregoing propositions it is obvious that the judgment was for the right party and that plaintiff was entitled to enforce the lien of his mortgage against Fry and the other defendants who claim under him. And the decree of the circuit court is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.